# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2021

Lyle W. Cayce
Clerk

No. 20-10668
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTIN SALAS BARAJAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-274-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Martin Salas Barajas pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute a controlled substance. For the first time on appeal, he argues that his plea was not knowing and voluntary because the magistrate judge (MJ) failed to comply with Federal

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Rule of Criminal Procedure 11. Plain error review applies. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To succeed on plain error review, Barajas must show a clear or obvious error that affects his substantial rights. *See United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir. 2005). If he makes such a showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 520 (internal quotation marks and citations omitted).

Barajas first argues that the MJ violated Rule 11(b)(1)(N), which requires the district court to "inform the defendant of, and determine that the defendant understands" the terms of any appeal waiver in his plea agreement. At rearraignment, the MJ specifically referenced the appeal waiver provision in Barajas's plea agreement and confirmed that he read it, understood it, and discussed it with his attorney. Further, through his signature on the plea agreement, Barajas confirmed he understood the terms of his appeal waiver. Under the circumstances, Barajas has not demonstrated any Rule 11(b)(1)(N) error, much less clear or obvious error. *See, e.g., United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).

Next, Barajas argues the MJ violated Rule 11(b)(1)(O) by failing to admonish him that, if convicted, he could be denied admission to the United States in the future. Even if we were to assume Barajas has shown a clear or obvious error, his challenge fails because he has not satisfied the third and fourth prongs of the plain error test. *See United States v. Huntsberry*, 956 F.3d 270, 283 (5th Cir. 2020). Barajas has not shown that the alleged error affected his substantial rights, as he has not demonstrated a reasonable probability that he would not have entered the plea but for the alleged error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Further, he presents no argument on why this court should exercise its discretion to correct the alleged error. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

No. 20-10668

The district court's judgment is AFFIRMED.